IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin Eugene Palmer, | ) C/A No. 2:14-1214-DCN-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

This is an appeal from a denial of Social Security benefits. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. By Order dated April 3, 2014 (ECF No. 9), Plaintiff was given a specific time frame in which to bring this case into proper form. Plaintiff has complied with the Court's Order, and this case is now in proper form.

Plaintiff has paid the full $350.00 filing fee and $50.00 administrative fee and submitted Answers to the Court's Special Interrogatories (ECF No. 11) which indicate that Plaintiff was denied disability benefits on September 20, 2013. Plaintiff alleges that he appealed the unfavorable decision of the Administrative Law Judge ("ALJ") to the Appeals Council, which denied Plaintiff's appeal on January 30, 2014. Plaintiff's ALJ hearing was held in Columbia, South Carolina, and it appears that Plaintiff was formerly a resident of Columbia. See Answers to Special Interrogatories, ECF No. 11-2, p. 6. However, Plaintiff apparently moved to Charlotte, North Carolina sometime after the hearing and before the Appeals Council's decision, and Plaintiff currently resides at 6315 Sackett Way, Charlotte,

N.C. 28269.  See Complaint, ECF No. 1, p. 2; Answers to Special Interrogatories, ECF No. 11-2, p. 1.

Pursuant to 42 U.S.C. § 405(g), the proper venue in which an appellant may obtain judicial review of a final decision of the Commissioner is "the district court of the United States for the judicial district in which the plaintiff resides . . . ."  *Id*.  It appears that Plaintiff's current residence, Charlotte, North Carolina, is within the jurisdiction and venue of the United States District Court for the Western District of North Carolina.  Accordingly, the appropriate district court in which this Social Security appeal should be heard is the Charlotte Division of the United States District Court for the Western Division of North Carolina.

## **RECOMMENDATION**

It is therefore recommended that this case be transferred to the United States District Court for the Western District of North Carolina, Charlotte Division, Charles R. Jonas Federal Building, 401 West Trade Street, Room 210, Charlotte, North Carolina 28202.  Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

April 24, 2014  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  See Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).